UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SARAI ESMERALDA MARTINO MERINO,

        Petitioner,

v.

                                      Case No. 3:26-cv-1488-MMH-PDB

ACTING U.S. ATTORNEY GENERAL
TODD BLANCHE, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Sarai Esmeralda Martino Merino, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on June 5, 2026. Martino Merino, a citizen of El Salvador, was paroled into the United States on October 3, 2023. Id. at 4–5. She has a pending asylum application. Id. at 5. On March 19, 2026, United States Immigration and Customs Enforcement (ICE) detained Martino Merino following a traffic stop. Id. at 6. The crux of Martino Merino's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 10–16. As relief, she seeks, inter alia, immediate release. Id. at 17.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies

to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Martino Merino, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Martino Merino was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Martino Merino's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Martino Merino an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Martino Merino, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

---

[1] Because the Court finds that Martino Merino is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2

2.   The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/6
c:
Counsel of Record

3